# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VERONICA HICKS, | ) | Cr. A. No. 1303008273 |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Decided: August 31, 2017

On Defendant Veronica Hicks' Motion for
Post Conviction Relief. **DENIED.**

## ORDER

On March 11, 2013, Defendant was arrested and charged with Identity Theft, Forgery Second Degree, and Unlawful Use of a Credit Card > $1,500. On September 9, 2013, Defendant plead guilty, with the assistance of counsel. Defendant filed this Motion for Post-Conviction Relief on June 17, 2014 based on ineffective assistance of counsel. The Court appointed Sean Motoyoshi, Esquire to represent Defendant. Mr. Motoyoshi filed a motion to withdraw as counsel on August 5, 2016, stating that Defendant's claims were meritless. Patrick Collins, Esquire was subsequently appointed to represent Defendant, and Mr. Collins

adopted Mr. Motoyoshi's motion and stated that Defendant was given notice and an opportunity to respond, but she chose not to.

The Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[1] Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment. Defendant's Motion is not time barred by Rule 61(i)(1). Rule 61(i)(2)[2] bars successive postconviction motions, which is also not applicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the motion includes claims not asserted in the proceedings leading to the final judgment.[3] This bar is also not applicable as Defendant claims ineffective assistance of counsel, which could not have been raised in any direct appeal.[4] Finally, Rule 61(i)(4) bars relief if the motion is based on a formally adjudicated ground.[5] This bar is also not applicable to Defendant's Motion.

Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[6] To succeed on an ineffective

---

[1] Super. Ct. Crim. R. 61(i)(1).
[2] Super. Ct. Crim. R. 61(i)(2).
[3] Super. Ct. Crim. R. 61(i)(3).
[4] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).
[5] Super. Ct. Crim. R. 61(i)(4).
[6] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).

assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[7] The Court's "review of counsel's representation is subject to a strong presumption that representation was professionally reasonable."[8] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[9]

Defendant claims ineffective assistance of trial counsel for various reasons, including: trial counsel did not ask for a trial continuance, there was only one face to face consultation, counsel refused to accept phone calls from prison, he failed to investigate the victim allegedly visiting Defendant in prison, and Defense counsel ignored her letters stating she wanted to withdraw her guilty plea before sentencing. After reviewing Defendant's Motion for Postconviction relief, and Counsel's Motion to Withdraw, the Court finds that Defendant's Motion for Postconviction Relief based on ineffective assistance of counsel is meritless. Defendant's claims

---

[7] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).

[8] *Id.*

[9] *State v. Wright*, 2015 WL 648818, (Del. Super. Ct. Feb. 12, 2015)(citations omitted).

do not demonstrate that trial counsel acted outside the *Strickland* standard of reasonableness, nor would have the result been different but for these alleged errors. Additionally, Defendant knowingly, intelligently, and voluntarily plead guilty to the charges on September 9, 2013. Accordingly, Defendant's Motion for Postconviction Relief is denied. Counsel's Motion to Withdraw is Moot.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.